GEORGE GORHAM, Executor, etc., of EDWARD C. MAR-
    VINE, Appellant, v. JOSEPH PRICE, Respondent.

*Proof that a party has money — when not admissible in corroboration of the state-
ment of a witness that the party offered to make a payment — Right of a party to
testify as to a conversation with a deceased person, as against his executor.*

On an issue as to whether the defendant was in possession of a farm as a tenant
or under a contract of sale from the plaintiff's testator, a witness testified that
he was present at a conversation between the plaintiff's testator and defendant,
in which the testator asked the defendant for some rent, and the defendant
said he had the money in the bank ready to pay when he knew who to pay it to.
*Held*, that the admission of evidence offered by the plaintiff to the effect that for
a considerable period of time, embracing the time of the conversation, the
defendant had several hundred dollars on deposit in the bank referred to, was
error.
Where a plaintiff, suing as executor, proves by a third person a conversation
between his testator and the defendant, it is competent for the defendant to
state whether the conversation testified to ever took place.

APPEAL from an order of the Chautauqua Special Term setting
aside a judgment, entered on a verdict rendered herein in favor of
the plaintiff, and granting the defendant's motion for a new trial on
a case and exceptions.

*John D. Teller*, for the appellant.

*James Lyon*, for the respondent.

SMITH, J.:

The complaint in the action contains two counts: One, for the
rent of a farm owned by the plaintiff's testator, Edward C. Marvine,
and occupied by the defendant, and the other for the value of a
quantity of manure removed by the defendant from said farm and
for which he agreed to pay. At the trial the court held that there
was no evidence to support the second count, and the case was sub-
mitted to the jury under the first count alone.

The learned judge before whom the case was tried, granted a new
trial for what he regarded as an error in the reception of a single

item of testimony. The principal issue between the parties was as to whether the defendant was in possession as the tenant of the testator or under a contract of purchase, and the issue was sharply contested. The plaintiff called a witness, Treat, who testified that he was present at an interview between Marvine, the testator, and the defendant, while the latter was in possession of the farm, in which the testator asked Price, the defendant, for some rent, and Price said he had the money in the bank ready to pay when he knew who to pay it to, but he had been forbidden to pay it to Marvine. The plaintiff was then permitted to prove by another witness, against the defendant's objection to the immateriality of the evidence, that for a considerable period, embracing the time of the aforesaid interview, Price had several hundred dollars on deposit in the bank referred to. We concur in the opinion of the learned judge, delivered at Special Term, that the latter item of evidence was wholly immaterial, and that it was calculated to and probably did have a prejudicial influence with the jury, and its reception was error. The fact that the defendant had money in bank had no legitimate tendency to show that he held the farm as tenant, or that he admitted that he so held. It has sometimes been held that upon an issue of payment it is competent to show that the party had money with which the payment might have been made. (*Dishno* v. *Reynolds*, 17 Hun, 137.) In *Nicholls* v. *Van Valkenburgh* (15 Hun, 230) evidence was held admissible that a person against whose estate a promissory note was presented, long overdue, was of ample pecuniary means at and after the date of the maturity of the note, by way of showing the improbability of its remaining overdue without a demand for its payment. And in *Pontius* v. *The People* (21 Hun, 328; aff'd in 82 N. Y., 339) evidence that a party was embarrassed in his pecuniary circumstances and pressed by numerous debts was received by way of showing that he had not money to lend. Those cases and others similar are cited by the appellant's counsel, but they do not authorize the position that the fact that a party has money in bank tends to show that he promised to pay it on a particular claim, or that it corroborates the testimony of declarations made by him to that effect.

In one other particular, also, we are inclined to think an error

was committed at the trial. After the witness Treat had testified to the conversation between the deceased and Price, above detailed, the defendant was called as a witness in his own behalf, and was asked whether the conversation so testified to took place. The plaintiff objected to the question as incompetent and prohibited by section 829 of Code. The objection was sustained, and the defendant excepted. The cases of *Brague* v. *Lord* (67 N. Y., 495) and *Kraushaar* v. *Meyer* (72 id., 602) are cited to justify the ruling. In each of those cases the surviving party was called, in the first instance, to testify to a conversation between himself and the deceased, at which a third person was present, in respect to which no testimony had been given on the other side. Here, the plaintiff had called the third person to prove what took place in his presence between the defendant and the deceased. We think it was competent for the defendant to state whether the conversation testified to by Treat took place.   *   .*   *

The order appealed from should be affirmed, for the reasons above stated.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from affirmed.